IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00927-PAB-KLM

M&R CONCRETE, INC., a Colorado corporation, and
M&R FLATWORK, INC., a Colorado corporation,

      Plaintiffs,

v.

TRUSTEES OF THE COLORADO CEMENT MASONS PENSION TRUST FUND,

      Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Stipulated Motion For Stay of Proceedings Pending Determination of Defendant's Motion to Dismiss** [Docket No. 20; Filed July 30, 2013] (the "Motion").  In the Motion, the parties request a stay of "all scheduling, discovery and other pretrial matters, other than briefing, pending determination of" Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [#10] (the "Motion to Dismiss").  *Motion* [#20] at 2.  The Parties argue that such a stay "would serve the interests of justice and judicial economy and maximize the prospects for an amicable resolution of their dispute . . . [because a stay] would enable the parties to focus their efforts on settling the case rather than incurring additional and potentially unnecessary attorney's fees . . ."  *Id.*

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp.*

1

*v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

IT IS HEREBY **ORDERED** that the Motion [#20] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that all disclosure and discovery is **STAYED** pending

resolution of Defendant's Motion to Dismiss [#10].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for August 21, 2013 at 10:30 a.m. is **VACATED**. If necessary, a scheduling conference will be set upon resolution of the Motion to Dismiss [#10].

Dated: August 1, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge